**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BARBARA ANN IGNONT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-317 (EGS) |
| NORTHSIDE HOSPITAL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Pending before the Court is *pro-se* plaintiff Barbara Ann Ignont's motion to "appeal[] [this Court's] decision to dismiss [the] case" and "to seek change of venue" pursuant to 28 U.S.C. §1404(a). Mot. for Reconsideration at 1, ECF No. 22.[1] The Court construes this motion as a motion for reconsideration of the Court's October 11, 2017 Order granting defendants' motions to dismiss for lack of jurisdiction. Upon consideration of Ms. Ignont's motion, the relevant law, and the record, Ms. Ignont's motion for reconsideration is **DENIED**.

In its October 11, 2017 Order dismissing Ms. Ignont's case, the Court explained that it lacked jurisdiction for two reasons: (1) Ms. Ignont failed to raise a federal question because her

---

[1]  The Court refers to the page numbers assigned in the ECF caption for ease of reference.

personal-injury action does not articulate any claims arising under the United States Constitution, treaties, or federal law; and (2) Ms. Ignont failed to plead diversity jurisdiction because, at the time the complaint was filed, it was uncontested that she was a Georgia resident and that the defendants were hospitals doing business in the state of Georgia.

Ms. Ignont claims that the Court should reconsider its decision and, instead of dismissing her suit, transfer her case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). *See* Mot. for Reconsideration at 1, ECF No. 22. She claims that the documents attached to her motion support this request. *Id.*

For the same reasons as set forth in its October 11, 2017 order, the Court concludes that dismissal for lack of subject-matter jurisdiction, as opposed to transfer to another federal forum, is the only appropriate result in this case. First, the Court cannot transfer the case pursuant to 28 U.S.C. § 1631, which permits a court without subject-matter jurisdiction to transfer an action "to any other such court in which the action . . . could have been brought at the time it was filed" because federal courts in Georgia would lack subject-matter jurisdiction for the same reasons that this Court does. *See, e.g.*, *Kier Bros. Investments Inc. v. White*, 943 F. Supp. 1, 3 (D.D.C. 1996). This is because plaintiff's complaint does not raise a federal

question (i.e., plaintiff's claims are based on state law, as opposed to federal law) and the parties are not diverse (i.e., both plaintiff and defendants are citizens of Georgia, as opposed to citizens of different states). Indeed, Ms. Ignont's motion and the documents attached to that motion make plain this lack of diversity, as they confirm that each defendant has operated a hospital in Georgia for over several decades and that Ms. Ignont "presented [a] Georgia Driver License to Security at entrance to Courthouse, thereby showing [that she is a] resident of Georgia." Mot. for Reconsideration at 1, 5-7. For this same reason, this Court cannot transfer the case to a Georgia federal court under the federal venue provisions of 28 U.S.C. §§ 1404 and 1406, as those provisions, by their very terms, only allow transfer to other federal district in which the case "might have been" or "could have been" brought. In short, because any federal court would lack subject-matter jurisdiction over Ms. Ignont's claims, this Court cannot transfer her claims to any other federal court, including the Northern District of Georgia.

Nor does the Court have authority to transfer Ms. Ignont's claims to a state court in Georgia. 28 U.S.C. § 1631 only authorizes transfer of a case to other ***federal*** courts. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court ***as defined in section 610*** of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is

3

in the interest of justice, transfer such action . . . to **any other such court** in which the action or appeal could have been brought at the time it was filed[.]");28 U.S.C. § 610 (defining "courts" to include, among others, "district courts of the United States"); *see also Williams-El v. U.S. Fed. Bureau of Prisons*, Nos. 94-5341 and 95-5120, 1996 WL 247278, at *1 (D.C. Cir. 1996) (explaining that the federal court "was without authority to transfer appellant's claims to the Superior Court of the District of Columbia" and citing 28 U.S.C. § 1631). Likewise, the federal venue provision 28 U.S.C. § 1404(a), "by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. It does not speak to state courts[.]" *Pope v. Atlantic Coast Line R. Co.*, 34 U.S. 379, 384 (1953); *see also Funes v. Tedros*, No. 90-cv-1957, 1990 WL 210208, at *1 (D.D.C. Dec. 7, 1990) ("a federal district court would never have authority to 'transfer' a case to a state court").

For these reasons, Ms. Ignont's motion for reconsideration is **DENIED**.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**February 9, 2018**